UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


DAVID ALAN BECK,

                    Plaintiff,

vs.                                    Case No.   2:12-cv-191-FtM-29DNF

CHARLOTTE COUNTY STATE ATTORNEY,
PUBLIC DEFENDER'S OFFICE, 20TH
JUDICIAL CIRCUIT IN AND FOR
CHARLOTTE COUNTY, and WILLIAM
CAMERON, Sheriff,

                    Defendants.
_____


**ORDER OF DISMISSAL**

     This matter comes before the Court upon initial review of the

file.  Plaintiff, who is currently confined in the Charlotte County

Jail*,* filed a *pro se* civil rights complaint form pursuant to 42

U.S.C. § 1983 on April 3, 2012 (Doc. #1, Complaint).  Plaintiff

alleges that he has been subjected to various acts of misconduct,[1]

including false imprisonment.  In particular, Plaintiff claims that

he was arrested in September 2009 in Charlotte County and, on

October 26, 2009, was sentenced to six-months incarceration in

connection with those charges.  Complaint at 8.  Plaintiff avers

_____

     [1]In the "Statement of Claim" section of his Complaint,
Plaintiff identifies the following rights as being violated: "cruel
and unusual punishment; intentional tort; false imprisonment;
official misconduct' affirmative misconduct; wanton misconduct;
willful misconduct; unprofessional misconduct; wrongful conduct;
misfeasance in public office; malicious act; fraud in the court;
cocurrent [sic] negligence; and advertent negligence" (internal
parenthesizes and colons omitted).  Complaint at 8.

that, on January 26, 2010, at the conclusion of his Charlotte County jail sentence, he was rearrested for an out-of-state warrant. Id. at 9. Plaintiff contends he was illegally held from January 27, 2010 to June 9, 2012 for extradition. Id. As relief, Plaintiff seeks to "be financially compensated do [sic] to mental and psycological [sic] dispair [sic]." Id. at 11. Additionally, Plaintiff seeks "hedonic damages, future damages, and also punitive damages." Id.

## I.

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915 is a screening process to be applied sua sponte and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915, "notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2)(B)(i)-(iii). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(B)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery

will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

## II.

Plaintiff's Complaint is fatally flawed for a number of reasons. At the outset, the Complaint fails to allege any acts of wrongdoing by any particular individual. See generally Complaint. The Complaint merely lists the names of the Defendants in the caption of the Complaint and under the section that identifies the "Parties" to the action. Complaint at 6-7. No where does the Complaint state that any particular defendant acted, or failed to

act, in connection with the placement of a detainer on Plaintiff.

More specifically, to articulate a § 1983 claim of false imprisonment, a plaintiff must assert the elements of the common claim of false imprisonment and a due process violation under the Fourteenth Amendment. Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009). The elements of common law false imprisonment are: (1) an intent to confine; (2) an act resulting in confinement; and, (3) the victim's awareness of confinement. Id. "The Fourteenth Amendment Due Process Clause includes the right to be free from continued detention after it was or should have been known that the detainee was entitled to release." Id.; West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007). Thus, to establish a due process violation, Plaintiff must allege that an individual defendant acted with deliberate indifference, which requires that an individual defendant have subjective knowledge of a risk of serious harm and disregard that risk by actions beyond mere negligence. Id.

As noted, the Complaint contains no allegations as to any action or inaction taken by any individual defendant. Defendant Cameron, who is identified in his supervisory position as the Sheriff as Charlotte County, may only be liable under § 1983 for the unconstitutional acts of his subordinates if he personally participated in the allegedly unconstitutional conduct, or his actions were causally connected to the alleged constitutional deprivation. A causal connection may be shown by evidence of (1)

"a custom or policy that results in deliberate indifference to constitutional rights," (2) "facts that support an inference that the supervisor[ ] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," or (3) "a history of widespread abuse" that notified the supervisor of the need to correct the alleged deprivation, but he failed to do so.  Tillman, 496 F.3d 1328-29. Here, the Complaint is devoid of such allegations.

Additionally, while "[o]n its face, § 1983 admits no immunities," the Supreme Court has "consistently recognized that substantive doctrines of privilege and immunity may limit the relief available in § 1983 litigation." Tower v. Glover, 467 U.S. 914, 920 (1984).  Both qualified and absolute immunity defenses bar certain actions.  Id.  In particular, judges are entitled to absolute immunity for actions taken in their judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005).  Similarly, prosecutors are entitled to absolute immunity from liability for actions undertaken in furtherance of the criminal process.  Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2001).  Furthermore, "[a] state, state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983."  Edwards v. Wallace Community College, 49 F.3d 1517, 1524 (11th Cir. 1995)(citing Will

v. Michigan Dep't of State Police, 491 U.S. 58, 70-71(1989)(recognizing that the Eleventh Amendment precludes suits in federal court against the State, arms of the State, and even State officials sued in their official capacities)). Consequently, Plaintiff's claims for damages against any individuals employed at the State Attorney's Office and Twentieth Judicial Circuit Court must be dismissed.

Similarly, an individual employed with the Public Defender's Office fails to meet the requirements of a § 1983 action because a public defender is not considered a "person" "acting under of color of state law" for the purposes of the statute.  Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted).  Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

ACCORDINGLY, it is now

**ORDERED**:

1.   Plaintiff's Complaint is **DISMISSED**, without prejudice, for failure to state a claim upon which the Court can grant relief.

2. The **Clerk of the Court** shall: (1) enter judgment accordingly; (2) terminate any pending motions; and, (3) close this file.

**DONE AND ORDERED** at Fort Myers, Florida, on this __22nd__ day of May, 2012.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

-8-